By the Court,

Bronson, J.
If we entertained the opinion that Fake paid more money than was necessary to enable him to acquire the interest of the purchaser, there would be great difficulty in saying that he can now recall any part of it. It was a voluntary payment, made with full knowledge of all the facts, and not induced by any fraud or improper conduct of the other party. Fake settled for himself a question of law, and concluded to pay the whole amount of the purchase money, instead of paying only the amount of the first judgment, and standing upon such right as that would give him. I take the general rule to be well settled, that money paid under such circumstances cannot be recovered back.
But our decision will be put upon the broader ground, that Fake 'paid no more than was necessary for the attainment of his *161 object. The debtor may redeem within one year by paying i£ the sum of money which was bid on the sale.” (2 R. S. 370, § 45.) If he does not redeem, a creditor having a lien may acquire the interest of the purchaser by paying “ the sum of money which was paid on the sale.” (§ 51.) The whole sum is to be paid without any reference to the priority of liens. If this seems to be a hard rule in the case of Mr. Fake, the answer is, that his right to purchase on any terms depends upon the statute; and it is settled that there must be a strict compliance with its requirements. (Waller v. Harris, 20 Wend. 555; The People v. Covell, 18 id. 598; The People v. Collier, 19 id. 87.) If he could not purchase without paying the whole sum which was paid on the sale, it is quite clear that he cannot now recall any part of the money.
It is true that two creditors whose judgments are junior to the judgment of Fake, have in effect gained a preference over him. But diligence would have avoided that result. When he saw that the sheriff was proceeding to sell under judgments that were both older and younger than his own, he should have placed an execution in the hands of the sheriff, and had the sale under his judgment as well as the others. In this way he would have secured a continued preference over the two junior judgment creditors. As it is, we can give no relief.
Motion denied.